UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| TASHA MARTIN, ET AL. | * | CIVIL ACTION |
| VERSUS | * | NO. 23-2497 |
| IMPACT HEALTH | * | DIVISION 2 |

**ORDER AND REASONS**

This matter was referred to the undersigned for all proceedings including entry of judgment in accordance with 28 U.S.C. § 636(c) upon the written consent of all parties. ECF No. 23.

Before me is Defendant Impact Health Biometric Testing, Inc.'s Motion to Dismiss Pursuant to Rule 12(b)(3) (improper venue) and 12(b)(6) (failure to state a claim). ECF No. 18. The matter was scheduled for submission on Wednesday, November 8, 2023. *Pro se* Plaintiffs Tasha Martin and Jamie Martin mailed in an untimely and deficient Opposition Memorandum on November 7, 2023. ECF No. 24. No party requested oral argument in accordance with Local Rule 78.1, and the Court agrees that oral argument is unnecessary.

Considering the record, the submission and arguments of counsel and the *pro se* plaintiffs, and the applicable law, and in light of the absence of venue in this district, Defendant's motion is GRANTED IN PART AND DENIED IN PART; This matter is TRANSFERRED to the United States District Court for the Eastern District of Pennsylvania; and Plaintiff's Motion to Dismiss Pursuant to Rule 12(b)(6) is DEFERRED for resolution by the United States District Court for the Eastern District of Pennsylvania.

## I. BACKGROUND

Plaintiffs Tasha Martin and Jamie Martin, both African American women in the medical field, filed suit against their former employer Impact Health Biometric Testing, Inc. after they were terminated for alleged payroll fraud. ECF No. 9 at ¶¶ 2-4, 15-18. Plaintiffs contend that, although

they originally worked for Defendant at Vikand in New Orleans in 2021, they accepted positions with Defendant at Micron in Idaho after that job ended. After both Plaintiffs declined Defendant's request that they return to work at Vikand in New Orleans in February 2022, Defendants "found a way" to get them off the site in Idaho. *Id.* ¶¶ 9, 11-14, 26. Plaintiffs contend Defendant engaged in favoritism. *Id.* ¶ 28. Defendant Impact Health is alleged to be a healthcare company based in King of Prussia, Pennsylvania that employs medical professionals in various states. *Id.* ¶ 7.

## II. ARGUMENTS ON PARTIAL MOTION TO DISMISS

Defendant Impact Health seeks dismissal pursuant to Rules 12(b)(3) and 12(b)(6) of the Federal Rules of Civil Procedure. ECF No. 18. Defendant argues that Plaintiffs are asserting a Title VII claim, and that the Eastern District of Louisiana is not proper venue under Title VII's specific venue statute, 42 U.S.C. § 2000e-5(f)(3). Defendant agues Plaintiffs have not alleged that the unlawful employment practice at issue occurred in this district, that the relevant employment records are maintained and administered in this district, or that they would have worked in this district but for the alleged unlawful employment practice at issue. ECF No. 18-1 at 4, 9-11. Alternatively, Defendant argues that Plaintiffs' discrimination claims fail because they do not plead any facts to suggest that any adverse employment action was taken against them based on their race. *Id.* at 11-13. Defendant also argues that Plaintiffs' retaliation claim fails because they fail to identify any protected activity or acausal connection between same and their termination. *Id.* at 14-15.

Plaintiffs filed an untimely and deficient Opposition Memorandum in which they conclusorily assert that their "claims are in the proper district." *See* ECF No. 24.

## III. LAW AND ANALYSIS

### A. Failure to State a Claim

Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed "for failure to state a claim upon which relief can be granted." "A motion to dismiss for failure to state a claim is not meant to resolve disputed facts or test the merits of a lawsuit."[1] Rather, it tests whether, in plaintiff's best-case scenario, the complaint states a plausible case for relief.[2] When a plaintiff is proceeding *pro se*, the pleading must be liberally construed and held "to less stringent standards than formal pleadings drafted by lawyers."[3]

The Supreme Court clarified the Rule 12(b)(6) standard of review in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). To avoid dismissal, a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face (i.e., the factual allegations must "be enough to raise a right to relief above the speculative level").[4] Thus, it is not enough to allege facts consistent with a claim because the allegations must move past possibility and to plausibility of "entitlement to relief."[5] If the "facts" alleged are "merely consistent" with those minimally required to establish liability, the complaint "stops short of the line between possibility and plausibility."[6]

> Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "shown"— "that the pleader is entitled to relief."[7]

---

[1] *Sewell v. Monroe City Sch. Bd.*, 974 F.3d 577, 581 (5th Cir. 2020).
[2] *Id.*
[3] *Calhoun v. Hargrove*, 312 F.3d 730, 733 (5th Cir. 2002) (internal quotation and citations omitted).
[4] *Twombly*, 550 U.S. at 555 (citation omitted).
[5] *Id.* at 557–58; *Iqbal,* 556 U.S. at 678.
[6] *Iqbal,* 556 U.S. at 678 (citation omitted).
[7] *Id.* at 679 (quoting FED. R. CIV. P. 8(a)(2)) (internal citation omitted); *see also Gonzales v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (citation omitted) (stating that where the facts do not allow the court to infer more than a mere possibility of misconduct, the complaint does not show that the pleader is entitled to relief).

"The complaint need not contain detailed factual allegations, but it must offer more than labels, legal conclusions, or formulaic recitations of the elements of a cause of action as "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[8] The complaint must include enough factual matter to raise a right to relief above the speculative level[9] and provide a reasonable expectation that discovery will reveal evidence as to each element of the asserted claims.[10] Although all well-pleaded facts are accepted as true and the complaint is considered in the light most favorable to the plaintiff, the Court should not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions."[11] "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not show[n]'—that the pleader is entitled to relief."[12] "Dismissal is appropriate when the complaint 'on its face show[s] a bar to relief.'"[13]

In the discrimination context, the Supreme Court has held that a plaintiff need not plead facts sufficient to establish a prima facie case under the *McDonnell Douglas* framework to survive a motion to dismiss.[14] Although the Court rendered *Swierkiewicz* before it clarified the pleading standard in *Twombly* and *Iqbal*, *Swierkiewicz*'s primary holding—that a plaintiff need not establish a prima facie case under *McDonnell Douglas* at the pleading stage—is still good law.[15]

---

[8] *Iqbal*, 556 U.S. at 678 (citations omitted).
[9] *Twombly*, 550 U.S. at 555.
[10] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009) (quoting *Twombly*, 550 U.S. at 545).
[11] *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007) (citation omitted); *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (same); *see also Twombly*, 550 U.S. at 555 (The "obligation to provide the grounds of [] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.") (citations and internal quotation marks omitted).
[12] *Iqbal*, 556 U.S. at 678 (quoting FED. R. CIV. P. 8(a)(2)).
[13] *Cutrer v. McMillan*, 308 F. App'x 819, 820 (5th Cir. 2009) (per curiam) (quotations and citation omitted).
[14] *See Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 511 (2002) ("This Court has never indicated that the requirements for establishing a prima facie case under *McDonnell Douglas* also apply to the pleading standard that plaintiffs must satisfy in order to survive a motion to dismiss."); *see also Raj v. La. State Univ*., 714 F.3d 322, 331 (5th Cir. 2013) (citing *Swierkiewicz,* 534 U.S. at 510–12).
[15] *See Twombly*, 550 U.S. at 555.

Interpreting *Swierkiewicz* post-*Twombly* and *Iqbal*, the Fifth Circuit has held that a plaintiff must "plead sufficient facts on all of the ultimate elements of a disparate treatment claim to make [her] case plausible."[16] The two ultimate elements that a plaintiff must plausibly plead to support a disparate treatment claim are "(1) an adverse employment action, (2) taken against plaintiff *because of* her protected status."[17] Thus, a plaintiff must allege facts—either direct or circumstantial—that would suggest that defendant's actions were based on her protected status or that defendant treated similarly situated employees outside of her protected class more favorably.[18] Conclusory assertions are insufficient.

**B. <u>Venue</u>**

"[T]he purpose of statutorily specified venue is to protect the defendant against the risk that a plaintiff will select an unfair or inconvenient place of trial."[19] Federal Rule of Civil Procedure 12(b)(3) allows a party to move to dismiss an action for "improper venue" before a responsive pleading is filed.[20] Once a defendant has raised the improper venue issue by motion, the plaintiff bears the burden to establish that the district he chose is the proper venue.[21] Plaintiff need only make a prima facie case to establish venue if the court does not hold an evidentiary hearing.[22] The Court must accept as true all allegations in the plaintiff's complaint and resolve all conflicts in favor of the plaintiff.[23]

---

[16] *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 470 (5th Cir. 2016) (emphasis added) (citing *Raj*, 714 F.3d at 331).
[17] *Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 767 (5th Cir. 2019) (internal quotations and citations omitted).
[18] *Raj*, 714 F.3d at 331; *see also Chhim*, 836 F.3d at 470 (citation omitted); *Stone v. La. Dep't of Revenue*, 590 F. App'x. 332, 339 (5th Cir. 2014).
[19] *Leroy v. Great W. United Corp*., 443 U.S. 173, 183-84 (1979) (emphasis omitted).
[20] FED. R. CIV. P. 12(b)(3); *Fernandez v. Jagger*, No. 23-891, 2023 WL 6880431, at *3 (E.D. La. Oct. 18, 2023) (citing *Francis v. E-Z Bus, Inc*., No. 05-6905, 2006 WL 901761, at *1 (E.D. La. Apr. 7, 2006)).
[21] *Perez v. Pan Am. Life Ins. Co*., 70 F.3d 1268, 1995 WL 696803, at *3 (5th Cir. 1995) (citing *Advanced Dynamics Corp. v. Mitech Corp*., 729 F. Supp. 519 (N.D. Tex. 1990)); *Fernandez*, 2023 WL 6880431, at *3 (citing *Asevedo v. NBCUniversal Media, LLC*, 921 F. Supp. 2d 573, 589 (E.D. La. 2013) (internal citations omitted)).
[22] *Johnston v. Multidata Sys. Int'l Corp*., 523 F.3d 602, 609 (5th Cir. 2008).
[23] *Braspetro Oil Servs. Co. v. Modec (USA), Inc*., 240 F. App'x 612, 615 (5th Cir. 2007).

**1. Rule 12(b)(3) Standard**

A Rule 12(b)(3) motion requires the court to determine whether venue is supported by a federal venue statute.[24] If venue is not supported by a federal statute, then pursuant to 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."[25] Thus, if venue is improper, the court has discretion to either dismiss the case pursuant to Rule 12(b)(3) or transfer the case pursuant to 28 U.S.C. § 1406.[26]

**2. Applicable Venue Provisions**

Title VII contains a specific venue provision, 42 U.S.C. § 2000e-5(f)(3). Under this provision, proper venue for a Title VII case is in any judicial district in the state in which (a) the unlawful employment practice is alleged to have been committed; (b) the judicial district in which employment records are maintained; or (c) in the judicial district in which the aggrieved person would have worked but for the unlawful conduct. *Id.* If the defendant is not found within any of those districts, the action may be brought within the judicial district in which the defendant has its principal office. *Id.*

Although Title VII's specific venue provision is exclusive and displaces the general venue provision of 28 U.S.C. § 1391,[27] a claim of race discrimination is also cognizable under 42 U.S.C. § 1981. The Civil Rights Act does not contain a specific venue provision like Title VII. Therefore,

---

[24] *Atl. Marine Const. Co., Inc. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 55 (2013).
[25] 28 U.S.C. § 1406(a).
[26] *Caldwell v. Palmetto State Sav. Bank of S.C.*, 811 F.2d 916, 919 (5th Cir. 1987).
[27] *Allen v. U.S. Dep't of Homeland Sec.*, 514 F. App'x 421, 422 n.3 (5th Cir. 2013) (unpublished) ("'The venue provisions of § 2000e–5(f)(3) were intended to be the exclusive venue provisions for Title VII employment discrimination actions and ... the more general provisions of § 1391 are not controlling in such cases.'") (quoting *Pinson v. Rumsfeld*, 192 F. App'x. 811, 817 (11th Cir. 2006); *Tucker v. U.S. Dept. of Army*, 42 F.3d 641 (5th Cir. 1994)).

venue in a § 1981 case is controlled by the general venue provision of § 1391.[28] In addition, Plaintiffs include a claim for defamation (ECF No. 9 ¶¶ 16-18), which is a state law tort claim also subject to § 1391's general venue rules.

Under § 1391, venue is proper in (a) the judicial district in which defendant resides, (b) the judicial district in which a substantial part of the events giving rise to the claim occurred; or (c) if there is no district under a or b, then any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action. Of course, venue must be proper for each claim that a plaintiff brings against a defendant.[29]

**C. <u>Analysis</u>**

**1. Venue is Improper in the Eastern District of Louisiana**

Defendant argues that Plaintiffs' Complaint must be characterized as asserting claims of race discrimination and retaliation under Title VII because it arises out of their termination from employment, mentions race, is styled as "Discrimination/Retaliation Complaint, and they engaged in the EEOC Process. ECF No. 18-1 at 5. As a Title VII claim, Defendant argues, venue is improper under Title VII's specific venue provision because the alleged unlawful employment practice is alleged to have been committed in Idaho, the employment records are likely to be maintained at Defendant's headquarters is Pennsylvania, and Plaintiffs would have worked in Idaho but for the alleged unlawful conduct. *Id*. at 7-8 & n.3. Venue for Plaintiffs' Title VII claim rests in Idaho (and potentially Pennsylvania).

Although it is clear that venue is not proper in the Eastern District of Louisiana as to Plaintiffs' Title VII claim, Defendant fails to address whether venue is proper in this district with

---

28 *Jones v. Bales*, 58 F.R.D. 453 (N.D. Ga. 1972), *aff'd per curiam*, 480 F.2d 805 (5th Cir. 1973).
29 *Guajardo v. State Bar of Tex*., 803 F. App'x 750, 755 (5th Cir. 2020); 14D C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 3808 (4th ed. 2019) ("[I]f the plaintiff asserts multiple claims against the defendant, venue must be proper for each claim.").

regard to their § 1981 and state law tort claim. Although the defendant does not reside within the Eastern District of Louisiana and no one suggests that a substantial part of the events giving rise to the claim occurred here, there is no information as to whether defendant is subject to the court's personal jurisdiction with respect to such action in this district within the meaning of § 1391(c).[30] Given Plaintiffs' failure to offer anything more than a conclusory statement that their "claims are in the proper district,"[31] and the burden imposed on them in response to a Rule 12(b)(3) motion, Plaintiffs have not carried their burden to establish that venue is proper in this district under either §2000e-5(f)(3) or § 1391. Thus, based on the face of the Complaint and in the absence of any evidence otherwise, venue in the Eastern District of Louisiana is improper.

**2. Dismissal or Transfer**

Pursuant to 28 U.S.C. § 1406(a), when a plaintiff selects an improper venue, a court may either dismiss the action or "if it be in the interest of justice," a court may "transfer such a case to any district or division in which it could have been brought."[32] Dismissing Plaintiffs' complaint at this point would effectively be a dismissal with prejudice of their Title VII claims because the 90 day period within which to file suit after receipt of the EEOC Notice of a Right to Sue has now expired.[33] Courts typically employ § 1406(a) transfers to protect plaintiffs against procedural bars to refiling claims, such as a statute of limitations bar.[34] This Court likewise finds that transfer of the case is in the interest of justice.

---

[30] There is no evidence that Defendant consented to jurisdiction by registering to do business in Louisiana or that Defendant had any relevant contacts with Louisiana as opposed to Plaintiffs' contacts with Louisiana. *See Mallory v. Norfolk S. Ry. Co.*, 600 U.S. 122 (2023) (due process is not offended by exercise of jurisdiction over a corporation that consents via registration with the secretary of state); *Walden v. Fiore*, 134 S. Ct. 1115, 1122 (2014) ("minimum contacts" looks to defendant's contacts with the forum State, not the defendant's contacts with persons who reside there).

[31] ECF No. 24 at 2.

[32] 28 U.S.C. § 1406(a). *See Jackson v. West Telemktg. Corp. Outbound*, 245 F.3d 518, 523 (5th Cir. 2001).

[33] 42 U.S.C. § 2000e-5(f)(1).

[34] *Burnett v. New York Cent. R.R.*, 380 U.S. 424, 430 (1965) ("Both federal and state jurisdictions have recognized the unfairness of barring a plaintiff's action solely because a prior timely action is dismissed for improper venue after the

Under Title VII, venue is proper in the District of Idaho (which is where Plaintiffs worked, and the alleged wrongful employment conduct occurred) or in the Eastern District of Pennsylvania (which Defendant confirmed is where its employment records are maintained). After discussing the pending motion with the parties during the preliminary conference on November 13th, the parties unanimously agreed that they preferred to proceed with this action in the Eastern District of Pennsylvania, which is a court of proper venue. Accordingly, in the interest of justice, the Court will transfer Plaintiffs' claims against Defendant to the Eastern District of Pennsylvania.

## IV. CONCLUSION

Plaintiffs have failed to establish that venue is proper in this district under either Title VII's specific venue provision or the general venue statute. Given the potential bar to reinstitution of their Title VII suit were the court to dismiss that action for improper venue, the interests of justice counsel in favor of transferring this matter to a court of proper venue, specifically the Eastern District of Pennsylvania, which is the district in which the Defendant maintains its employment records. Because the court finds that the case should be transferred for improper venue, it does not address Defendant's motion to dismiss pursuant to Rule 12(b)(6), deferring that issue for determination by a court of proper venue.

Accordingly, for the foregoing reasons,

IT IS ORDERED that Defendant's Motion to Dismiss for Improper Venue (ECF No. 18) is GRANTED IN PART AND DENIED IN PART. The Court agrees that venue in this district is

---

applicable statute of limitations has run."); *Aguacate Consol. Mines, Inc. v. Deeprock, Inc*., 566 F.2d 523, 524-25 (5th Cir. 1978) (finding transfer of case to advance "the interest of justice and procedural simplification underlying 28 U.S.C. § 1406(a) where part of plaintiff's claim was potentially barred by statute of limitations); *Koehring Co. v. Hyde Const. Co*., 324 F.2d 295, 297 (5th Cir. 1963) (recognizing that "the interest of justice" may require a transfer under § 1406(a) to avoid penalizing a plaintiff with "time-consuming and justice-defeating technicalities," in that case, a statute of limitations bar) (internal citation and quotation omitted); *Garcia Hamilton & Assocs., L.P. v. RBC Capital Mkts., LLC*, 466 F. Supp. 3d 692, 704 (S.D. Tex. 2020); *see also Thrasher v. City of Amarillo*, 709 F.3d 509, 512 (5th Cir. 2013) (applying heightened standard of review to dismissal without prejudice when statute of limitations likely bars future litigation).

improper, but in the interests of justice, TRANSFERS the case to a district of proper venue (Eastern District of Pennsylvania) rather than dismiss the action. Defendant's Rule 12(b)(6) motion is DEFERRED for determination by the transferee court.

New Orleans, Louisiana, this 13th day of November, 2023.

                                             DONNA PHILLIPS CURRAULT
                                             UNITED STATES MAGISTRATE JUDGE