IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TASHA MARTIN,** *et al.*, | : | CIVIL ACTION |
| *Plaintiffs*, | : | |
| | : | |
| v. | : | |
| | : | |
| **IMPACT HEALTH,** | : | |
| *Defendant.* | : | No. 23-cv-04447 |

**MEMORANDUM**

**KENNEY, J.**                                                                                                                    **January 29, 2024**

Plaintiffs Tasha Martin and Jamie Martin bring this suit against Defendant Impact Health Biometric Testing, Inc. (incorrectly named in the Complaint as Impact Health) claiming that Defendant discriminated against them due to their race and retaliated against them in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and 42 U.S.C. § 1981.[1]  Presently before this Court is Defendant's Renewed Motion to Dismiss Addressing Third Circuit Law (ECF No. 34 (the "Motion to Dismiss")), which has been fully briefed.  *See* ECF Nos. 34-1, 40, 41.  For the reasons set forth below, the Court will grant Defendant's Motion to Dismiss (ECF No. 34), and the Complaint (ECF No. 9) will be dismissed without prejudice.  An appropriate Order will follow.

I.      **BACKGROUND AND PROCEDURAL HISTORY**

Plaintiffs Tasha Martin and Jamie Martin are two African American relatives who worked together at Defendant Impact Health Biometric Testing, Inc., a healthcare company, as medical professionals.  ECF No. 9 ¶¶ 1–5.  Each Plaintiff has over fifteen years of medical experience, and

---

[1] While Plaintiffs do not identify the legal basis for their claims in their Complaint, in their Response to Defendant's Motion to Dismiss, Plaintiffs make clear that their claims arise under Title VII and 42 U.S.C. § 1981.  ECF No. 40 at 3.

each Plaintiff worked for Defendant for two years. *Id.* ¶¶ 3–4. Both Plaintiffs were "known for being extremely hard workers," and both Plaintiffs "work[ed] hard, . . . followed the rules, and did their job[s] accurately and efficiently." *Id.* ¶¶ 27, 29.

Defendant is a healthcare company that employs medical professionals to screen clients at various sites in different states. *See id.* ¶¶ 7–9. In 2021, Plaintiffs worked for Defendant in New Orleans, Louisiana. *Id.* ¶ 8. In December 2021, Plaintiffs stopped working in Louisiana and began working for Defendant in Boise, Idaho. *Id.* ¶ 9. In February 2022, Defendant's employee asked Plaintiffs to return to Louisiana, but both declined. *Id.* ¶¶ 11–13.

On March 8, 2022, Defendant's employee, David Jackson, accused Plaintiffs of seeking reimbursement for fraudulent charges for parking and mileage. *Id.* ¶ 15. Plaintiffs allege that Jackson "defamed" Plaintiffs' character by accusing them of "defrauding the company for money."[2] *Id.* ¶ 16. Plaintiffs also allege that on that same date, Defendant refused to allow Plaintiffs to sign up for additional shifts, causing Plaintiffs to lose two weeks of pay. *Id.* ¶¶ 20–21. Additionally, Plaintiffs allege that Defendant discharged Plaintiffs before their scheduled departure without any explanation. *Id.* ¶ 22.

Although Plaintiffs style their Complaint as a "Pro Se Discrimination/Retailation [*sic*] Complaint," Plaintiffs only mention their race twice—to identify themselves as African Americans in the first two lines of the Complaint. *Id.* ¶¶ 1–2. Plaintiffs do not otherwise mention their race in their Complaint. *See generally id.* Plaintiffs do allege, however, that Defendant "had favoritism with some of their employees." *Id.* ¶ 28.

---

[2] While Plaintiffs use the term "defamed" in their Complaint, *see* ECF No. 9 ¶ 16, it does not appear that Plaintiffs are in fact attempting to assert a defamation claim. To the contrary, Plaintiffs specifically state in their Response that their "Complaint Should Be Interpreted as A Claim for Race Discrimination and Retaliation Under Title VII And 42 U.S.C 1981," *see* ECF No. 40 at 15, and do not otherwise state that they are asserting a claim for defamation.

Plaintiffs engaged in the Equal Employment Opportunity Commission ("EEOC") process, and on December 15, 2022, Plaintiffs received a position statement submitted by Defendant's attorneys to the EEOC. *Id.* ¶ 25; *see also* ECF No. 34-1 at 5. On July 23, 2023, Plaintiffs instituted this action in the United States District Court for the Eastern District of Louisiana. ECF No. 9. On October 12, 2023, Defendant filed a motion to dismiss for failure to state a claim and for improper venue. ECF No. 18. On November 13, 2023, Magistrate Judge Donna Phillips Currault granted in part and denied in part Defendant's motion. ECF No. 27. Although Judge Currault agreed with Defendant that venue in the Eastern District of Louisiana was improper, Judge Currault did not dismiss the action. *Id.* at 9. Instead, after discussing Defendant's motion and Judge Currault's conclusion that venue was improper, the parties agreed that venue was appropriate in the Eastern District of Pennsylvania. *Id.*; *see also* ECF No. 26. Judge Currault did not decide Defendant's motion to dismiss for failure to state a claim; instead, she deferred the determination of the motion to this Court. ECF No. 27 at 9–10. Accordingly, on November 15, 2023, the instant case was transferred to this Court, ECF No. 28, and on November 30, 2023, Defendant filed the instant Motion to Dismiss (ECF No. 34) and an accompanying Memorandum to address Third Circuit law (ECF No. 34-1). Plaintiffs then filed a Response to Defendant's Motion to Dismiss on January 2, 2024 (ECF No. 40 (the "Response")), and Defendant filed a Reply on January 10, 2024 (ECF No. 41 (the "Reply")). Accordingly, Defendant's Motion to Dismiss is ripe for consideration.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for dismissal of a complaint for failure to state a claim upon which relief can be granted. A motion to dismiss under

Rule 12(b)(6) tests "the sufficiency of the allegations contained in the complaint."[3] *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993) (citation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Zuber v. Boscov's*, 871 F.3d 255, 258 (3d Cir. 2017) (internal quotation marks and citation omitted). A complaint is plausible on its face when the plaintiff pleads a factual contention that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Additionally, courts must "construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). However, the complaint must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A complaint need not establish a prima facie case to survive a motion to dismiss. *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 788 (3d Cir. 2016). Instead, Plaintiffs need only "put forth

---

[3] Defendant argues that Plaintiffs improperly attempt to amend their Complaint by providing "additional details and allegations" in their Response and ask that this Court decline to consider these allegations when deciding the instant motion. *See* ECF No. 41 at 3–4. Although some courts have considered new allegations made in a response brief when deciding a motion to dismiss, *see, e.g.*, *Wei Ly v. Varner*, No. 2:13-CV-01102, 2014 WL 2931216, at *1 (W.D. Pa. June 30, 2014) (considering "the factual allegations contained in [the plaintiff's] response" in deciding defendant's motion to dismiss because "[b]ecause [p]laintiff is a prisoner appearing pro se" (citations omitted)), this Court will focus only on the allegations in the Complaint to resolve the instant motion "as a matter of procedural tidiness," *see Dade v. Gaudenzia DRC, Inc.*, No. CIV.A. 13-1381, 2013 WL 3380592, at *2 n.1 (E.D. Pa. July 8, 2013) (confining review to allegations made in the complaint given that the plaintiff may always "incorporate allegations from the response—along with other pertinent factual matter and exhibits—into an amended complaint"). Given that the Complaint will be dismissed without prejudice, Plaintiffs may freely amend their Complaint to incorporate additional allegations—including those made in the Response—if they wish.

allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element," *Fowler v. UPMC Shadyside*, 578 F.3d 203, 213 (3d Cir. 2009) (citation omitted), and "must give the defendant fair notice of what the plaintiff's claim is and of the grounds upon which it rests," *Bayer v. Pocono Med. Ctr.*, No. CIV.A. 3:13-1900, 2014 WL 3670499, at *4 (M.D. Pa. July 23, 2014) (citing *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)).

### III.   DISCUSSION

#### A.   Discrimination Claims (Title VII and 42 U.S.C. § 1981)

Defendant argues that Plaintiffs fail to plead sufficient facts to state a claim of employment discrimination on the basis of race under Title VII or 42 U.S.C. § 1981. ECF No. 34-1 at 6–9. Specifically, Defendant argues that Plaintiffs "make no allegations that race played any role in the decision to terminate their employment." *Id.* at 9. As further explained below, this Court agrees.

To state a claim under Title VII or 42 U.S.C. § 1981 for employment discrimination, Plaintiffs must allege that: (1) they are members of a protected class; (2) they were qualified for the positions held; (3) they suffered an adverse employment action; and (4) the adverse employment action occurred under circumstances that give rise to an inference of discrimination. *Twillie v. Erie Sch. Dist.*, 575 F. App'x 28, 31 (3d Cir. 2014) (citation omitted); *see also Castleberry v. STI Grp.*, 863 F.3d 259, 263 (3d Cir. 2017) (citation omitted) (explaining that employment discrimination claims under 42 U.S.C. § 1981 "are subject to the same analysis as discrimination claims under Title VII of the Civil Rights Act of 1964"). An "adverse employment action" is an action by an employer that is "serious and tangible enough to alter an employee's compensation, terms, conditions, or privileges of employment," *Mieczkowski v. York City Sch. Dist.*, 414 F. App'x 441, 445 (3d Cir. 2011) (internal quotation marks and citation omitted), such as "hiring, firing, failing to promote, reassignment with significantly different responsibilities, or

5

a decision causing a significant change in benefits," *see Moore v. Beers*, 121 F. Supp. 3d 425, 430 (D.N.J. 2015) (citing *Barnett v. New Jersey Transit Corp.*, 573 F. App'x 239, 243 (3d Cir. 2014) (citation omitted)).  An adverse employment action may give rise to an inference of discrimination when a plaintiff alleges that the defendant "treated similarly situated employees outside of [plaintiff's protected] class more favorably," *Groeber v. Friedman & Schuman, P.C.*, 555 F. App'x 133, 135 (3d Cir. 2014), or where there is "evidence of similar racial discrimination of other employees, or direct evidence of discrimination from statements or actions by her supervisors suggesting racial animus," *Golod v. Bank of Am. Corp.*, 403 F. App'x 699, 703 n.2 (3d Cir. 2010) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511–12 (2002)).  Put differently, to establish the fourth element, Plaintiffs must "plead facts that plausibly connect [their race] to [their] discharge."  *Santos v. Iron Mountain Film & Sound*, 593 F. App'x 117, 119 (3d Cir. 2014) (emphasis removed).

Here, Plaintiffs allege facts to meet the pleading standard for the first three elements, and that much is not disputed.  *See* ECF No. 34-1 at 6–9.  Plaintiffs are members of a protected class, as they have pled that they are both African American.  ECF No. 9 ¶¶ 1-2; *see also Miller v. Delaware Probation and Parole*, 41 F. App'x 581, 583 (3d Cir. 2002) (finding "no question" that the plaintiff is a member of a protected class where plaintiff alleges that he is African American).  Plaintiffs have also pled sufficient facts to show that they were qualified for the positions held, as they were both medical professionals with over fifteen years of medical experience, ECF No. 9 ¶¶ 3–4; they each worked for Defendant at two different client sites over the course of two years, *id.*; and they both were "extremely hard workers," "followed the rules, and did their job accurately and efficiently," *id.* ¶¶ 27, 29—and Defendant does not contend otherwise, *see generally* ECF Nos. 34, 34-1.  And Plaintiffs have pled that they suffered from adverse employment actions, as they allege

facts sufficient to show that the "compensation, terms, conditions, or privileges of [their] employment" were altered: they were discharged from their work in Idaho prior to their scheduled departure without explanation, and were denied the opportunity to sign up for additional shifts, causing them to lose two weeks of pay. ECF No. 9 ¶¶ 20–23.

However, Plaintiffs have not pled any facts to raise even a reasonable expectation that discovery will reveal evidence of the fourth element: that the adverse employment actions occurred under circumstances that give rise to an inference of discrimination. As Defendant correctly notes, Plaintiffs have failed to allege *any* facts that would suggest to this Court that Defendant discharged Plaintiffs early or refused to allow them to take additional shifts due to their race. For example, Plaintiffs do not allege that other similarly situated, non-African American employees were treated more favorably. Although Plaintiffs do state that the Defendant "had favoritism with some of [its] employees," *id.* ¶ 28, that in and of itself is insufficient—Plaintiffs do not allege that this "favoritism" was on the basis of race, or that these employees were similarly situated to them. *See, e.g.*, *Brzozowski v. Pa. Tpk. Comm'n*, No. CV 5:15-2339, 2019 WL 1303955, at *11 (E.D. Pa. Mar. 20, 2019) (dismissing plaintiff's national origin discrimination Title VII claim where plaintiff claimed that the defendant exercised "favoritism" towards Irish people, but failed to "allege with any specificity [that] the [defendant] treated him differently than any similarly-situated employee"), *aff'd*, No. 19-3317, 2023 WL 3409060 (3d Cir. May 12, 2023). Nor do Plaintiffs allege that Defendant has similarly discriminated against other African American employees, or provided any direct evidence of discrimination. In fact, the only mention of race at all is in the first two lines of the Complaint, in which Plaintiffs merely identify themselves as African Americans. *See* ECF No. 9 ¶¶ 1, 2.

While Plaintiffs respond that they "believe" they were "targeted because of [their] race and shunned from the company," ECF No. 40 at 13, 16, Plaintiffs' "subjective belief that race played a role in these employment decisions . . . is not sufficient to establish an inference of discrimination," *Groeber*, 555 F. App'x at 135.  Plaintiffs must plead facts connecting their race to the adverse employment actions alleged—anything less will not do. *See, e.g.*, *Santos*, 593 F. App'x at 119 (affirming district court dismissal of complaint that "submitted nothing but the naked assertion that [the plaintiff] was discharged because he is Honduran" without facts that "plausibly connect his national origin to his discharge").  Because Plaintiffs have not pled any facts that connect their race to the adverse employment actions they allege, Plaintiffs' discrimination claims must be dismissed.

## B.  Retaliation Claims (Title VII and 42 U.S.C. § 1981)

Defendant argues that Plaintiffs' retaliation claims fail because (1) they "[have] nothing to do with any legally protected activity," ECF No. 34-1 at 6, and (2) there is no "causal connection" between the alleged adverse employment decisions and any protected activity, *id.* at 11.  While this Court disagrees that Plaintiffs have failed to adequately allege facts showing a "legally protected activity" for the reasons discussed below, it will nevertheless dismiss Plaintiffs' retaliation claims because Plaintiffs have failed to allege a causal connection between any protected activity and the adverse employment actions pled.

To establish a retaliation claim under Title VII or 42 U.S.C. § 1981, Plaintiffs must show that (1) they engaged in "protected activity"; (2) "the employer took an adverse employment action against them"; and (3) "there was a causal connection between her participation in the protected activity and the adverse employment action." *Selvato v. SEPTA*, 658 F. App'x 52, 56 (3d Cir. 2016); *see Est. of Oliva ex rel. McHugh v. New Jersey*, 604 F.3d 788, 798 n.14 (3d Cir. 2010)

8

(citations omitted) (explaining that the Title VII standard applies for § 1981 retaliation cases). Defendant does not contest the second element, *see* ECF No. 34-1 at 9–11, leaving only the first and third elements at issue. The Court thus addresses each in turn.

On the first element, Plaintiffs allege that they engaged in the EEOC process. Filing an EEOC charge constitutes protected activity.[4] *See, e.g.*, *Tomaszewski v. City of Philadelphia*, 460 F. Supp. 3d 577, 599 (E.D. Pa. 2020) (finding it "undisputed that plaintiff engaged in protected activity [under Title VII and § 1981] when he filed his first EEOC charge"). While Defendant characterizes Plaintiffs' protected activity as "the choice of work location," ECF No. 34-1 at 10, that ignores the legally cognizable protected activity that Plaintiff asserts in the Complaint.[5]

However, Plaintiffs have failed to adequately plead a "causal connection" between the protected activity and the adverse employment actions alleged. This is because all of the adverse

---

[4] While Plaintiffs do not plead with specificity that they filed a charge against Defendant with the EEOC, this Court finds the fact that Plaintiffs did allege—that Defendant's attorneys filed a position statement dated December 15, 2022 with the EEOC, ECF No. 9 ¶ 25—sufficient at the motion to dismiss stage. This is so both because Defendant does not contest that Plaintiff filed an EEOC charge, *see* ECF No. 34-1 at 5, but also because Plaintiffs are proceeding pro se and this Court therefore reads Plaintiffs' Complaint liberally. *See Perlberger v. Caplan & Luber, LLP*, 152 F. Supp. 2d 650, 653 (E.D. Pa. 2001) ("On a motion to dismiss, the district court must read a pro se plaintiff's allegations liberally and apply a less stringent standard to the pleadings of a pro se plaintiff than to a Complaint drafted by counsel." (citing *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972)).

[5] It is worth noting that the allegations in Plaintiffs' complaint are challenging to understand. If Defendant is correct in its interpretation of Plaintiff's retaliation claim—that is, Plaintiffs are indeed claiming that they were retaliated against for their decision to continue work in Idaho and refusal to return to Louisiana—then Defendant is correct that a "choice of work location" is not legally cognizable as "protected activity." ECF No. 34-1 at 10–11. "With respect to 'protected activity,' the anti-retaliation provision of Title VII protects those who participate in certain Title VII proceedings (the 'participation clause') and those who oppose discrimination made unlawful by Title VII (the 'opposition clause')." *See Moore v. City of Philadelphia*, 461 F.3d 331, 341 (3d Cir. 2006), as amended (Sept. 13, 2006) (citation omitted). A "choice of work location" does not fall under either the participation clause or the opposition clause, and therefore is not legally cognizable as "protected activity."

employment actions alleged took place *before* the EEOC process. Indeed, Plaintiffs allege that in March of 2022, they were discharged without reason and unable to sign up for their usual work shifts. ECF No. 9 ¶¶ 20, 22–23. But the EEOC process did not take place until in or about December 2022. *See id.* ¶ 25. The adverse employment actions could not have been caused by, or been "retaliation" for, the protected activity—the EEOC charge—given that the adverse employment actions took place *prior* to the protected activity. *See, e.g.*, *Deans v. Kennedy House, Inc.*, 587 F. App'x 731, 735 (3d Cir. 2014) ("It is true that Deans's filing [of] an EEOC charge qualifies as a protected activity. Deans did not pursue this charge, however, until after he had received his oral and written warnings, and there thus cannot be a causal connection between those events." (citation omitted)); *Heredia-Caines v. Lehigh Valley Hosp., Inc.*, 580 F. Supp. 3d 114, 132 (E.D. Pa. 2022) (finding that "no reasonable jury could infer a causal relationship between Plaintiff's complaint about pay discrimination and any of Defendant's materially adverse actions because Plaintiff made her complaint *after* the adverse actions had occurred." (emphasis in original)). Accordingly, Plaintiffs' retaliation claims will be dismissed without prejudice.

### IV.  CONCLUSION

For the foregoing reasons, the Court will grant Defendant's Motion to Dismiss (ECF No. 34). All claims in Plaintiffs' Complaint (ECF No. 9) will be dismissed without prejudice.[6] An appropriate Order will follow.

---

[6] While Defendant argues that "permitting Plaintiffs to amend their Complaint would be futile" and therefore the Complaint should be dismissed with prejudice, this Court disagrees. ECF No. 41 at 5. It cannot be said at this stage whether any attempt at amendment would be futile—the facts alleged and the legal theories articulated in Plaintiffs' Complaint are simply too vague to know whether amendment would cure the deficiencies outlined in this opinion. *See Spell v. Allegheny Cnty. Admin.*, No. CIV.A. 14-1403, 2015 WL 1321695, at *7 (W.D. Pa. Mar. 24, 2015) (dismissing pro se plaintiff's complaint without prejudice where "the facts alleged [in the complaint were] simply too vague, and the theories of liability too poorly articulated, . . . to determine whether allowing Plaintiff to amend his municipal liability claim would be futile").

BY THE COURT:

/s/ Chad F. Kenney
_____
**CHAD F. KENNEY, JUDGE**

---

Keeping in mind Plaintiffs' pro se status, the Court will dismiss Plaintiffs' claims without prejudice. *Cf. Tabron v. Grace*, 6 F.3d 147, 153 n.2 (3d Cir. 1993) (noting that the Third Circuit has "traditionally given pro se litigants greater leeway where they have not followed the technical rules of pleading and procedure.") (citation omitted).