IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TASHA MARTIN**, *et al.*, | : | **CIVIL ACTION** |
| *Plaintiffs*, | : | |
| | : | |
| v. | : | |
| | : | |
| **IMPACT HEALTH**, | : | |
| *Defendant.* | : | No.   **23-cv-04447** |

# ORDER

**AND NOW**, this **29th** day of **January 2024**, for the reasons set forth in the accompanying Memorandum, it is **hereby ORDERED** that:

1.  Defendant's Renewed Motion to Dismiss Addressing Third Circuit Law (ECF No. 34) is **GRANTED.**

2.  The above-captioned action is **DISMISSED WITHOUT PREJUDICE**. Plaintiffs may file an amended complaint within thirty (30) days of the date of this Order.[1] If Plaintiffs do not wish to amend their Complaint and instead intend to stand on their Complaint as originally pled, they may file a notice with the Court stating that intent within thirty (30) days of the date of this Order titled "Notice to Stand on Complaint" with the civil action number for this case, at which time the Court will issue a final order dismissing the case.[2]

---

[1] Any amended complaint shall state the basis for Plaintiffs' claims against Defendant. The amended complaint shall be a complete document that does not rely on the initial Complaint (ECF No. 9) or other papers filed in this case to state a claim. When drafting the amended complaint, Plaintiffs should be mindful of the Court's reasons for dismissing the claims in their initial Complaint as explained in the Court's Memorandum.

[2] *See Weber v. McGrogan*, 939 F.3d 232, 241 (3d Cir. 2019) ("If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate." (citation omitted)); *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 703–04 (3d Cir. 1996) (holding that "the district court did not abuse its discretion when it dismissed with prejudice the otherwise viable

3. The Court will leave this case open for thirty (30) days following the date of this Order. If Plaintiffs fail to file any response to this Order within that time, the Court will conclude that Plaintiffs intend to stand on their Complaint and will issue a final order dismissing this case.[3]

BY THE COURT:

/s/ Chad F. Kenney
_____
**CHAD F. KENNEY, JUDGE**

---

claims . . . following plaintiffs' decision not to replead those claims" when the district court "expressly warned plaintiffs that failure to replead the remaining claims . . . would result in the dismissal of those claims").

[3] See Weber, 939 F.3d at 239–40 (explaining that a plaintiff's intent to stand on his complaint may be inferred from inaction after issuance of an order directing him to take action to cure a defective complaint).