IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TASHA MARTIN, et al., | : | CIVIL ACTION |
| *Plaintiffs,* | : | |
| | : | |
| v. | : | |
| | : | |
| IMPACT HEALTH, | : | |
| *Defendant.* | : | NO. 23-cv-04447 |

<u>MEMORANDUM</u>

**KENNEY, J.**                                                                                                   **JULY 23, 2024**

On April 1, 2024, Plaintiffs Tasha Martin and Jamie Martin filed an Amended Complaint. ECF No. 52. Instead of amending their previously pled employment discrimination and retaliation claims that this Court dismissed for failure to state a claim, *see* ECF Nos. 9, 11, Plaintiffs removed them altogether, *see generally* ECF No. 52. Now, Plaintiffs plead just one count against Defendant Impact Health Biometric Testing, Inc. ("Impact Health"): defamation under 42 Pa.C.S.A. § 8343(a).

Presently before this Court is Defendant's Motion to Dismiss (ECF No. 53) the Amended Complaint. For the reasons set forth below, the Court will grant Defendant's Motion to Dismiss, and the Amended Complaint will be dismissed with prejudice. An appropriate Order will follow.

**I.      <u>BACKGROUND AND PROCEDURAL HISTORY</u>**

Plaintiffs Tasha Martin and Jamie Martin are two relatives who worked together at Defendant Impact Health as medical professionals. ECF No. 52 ¶¶ 1–6. Defendant is a healthcare company that employs medical professionals to screen clients at various sites in different states. *See id.* ¶¶ 4–8. Each Plaintiff has over fifteen years of medical experience and worked for Defendant for two years. *Id.* ¶¶ 3–4.

On March 7, 2022, Defendant's employee, David Jackson, sent an email to Plaintiffs accusing them of seeking reimbursement for fraudulent, duplicate charges for parking and mileage. *Id.* ¶¶ 11–14. More specifically, Plaintiffs allege that Mr. Jackson accused Plaintiffs of <u>both</u> seeking reimbursement for parking and mileage, even though Plaintiffs carpooled to work. *Id.* ¶¶ 11, 14. Mr. Jackson then forwarded that email to two of his fellow employees, Caitlin Shook (Program Manager) and Joey Richardson. *Id.* ¶¶ 12, 16. The next day, Head Program Manager, Megan Sears, emailed Ms. Shook to inform her that Defendant would reimburse only one of the plaintiffs for their request.[1] *Id.* ¶¶ 10, 16. Plaintiffs allege that, through these email exchanges, both Ms. Sears and Mr. Jackson accused them of "defrauding the company," thereby causing Impact Health employees to spread rumors about Plaintiffs, and "defam[ing]" Plaintiffs' character. *Id.* ¶¶ 15, 44.

A few days later, on March 12, 2022, Defendant "unconfirmed" Plaintiffs' work shifts, causing Plaintiffs to lose pay for that time. *Id.* ¶¶ 30–35, 46. On March 15, 2022, Plaintiffs' shifts were again "unconfirmed" for two weeks of work, causing Plaintiffs to lose additional pay. *Id.* ¶ 35. On that same day, after Plaintiffs noticed that they were no longer scheduled for work, Plaintiffs inquired with Defendant's employee, Brianna Webster, as to whether Plaintiffs could work on their assigned days between March 21, 2022 and April 2, 2022. *Id.* Ms. Webster responded that Plaintiffs were discharged, but did not provide any explanation as to why. *Id.* ¶¶ 31–36. Plaintiffs continued to try and contact Defendant to understand why their work was "taken away" and whether they would be able to return to work, but never received a response. *Id.* ¶ 38.

---

[1] Plaintiffs do not allege how Ms. Sears was informed of Plaintiffs' alleged attempt to seek reimbursement for fraudulent parking and mileage charges, or whether Ms. Sears received the same e-mail communication from Mr. Jackson that Ms. Shook and Mr. Richardson received.

On July 23, 2023, Plaintiffs filed their original Complaint in the United States District Court for the Eastern District of Louisiana, bringing employment discrimination and retaliation claims under Title VII and 42 U.S.C. § 1981.  ECF No. 9.  On November 15, 2023, Plaintiffs' case was transferred to this Court, ECF No. 28, and on November 30, 2023, Defendant filed a Motion to Dismiss Plaintiffs' Complaint for failure to state a claim, ECF No. 34.  On January 29, 2024, the Court granted Defendant's Motion to Dismiss and dismissed Plaintiffs' original Complaint without prejudice to amend.[2]  ECF Nos. 43, 44.

On April 1, 2024, Plaintiffs filed their Amended Complaint (ECF No. 52) withdrawing all employment discrimination and retaliation claims against Defendant and instead alleging one count against Defendant for defamation.  Defendant filed the instant Motion to Dismiss (ECF No. 53) on April 23, 2024.  Plaintiffs then filed a Response to Defendant's Motion to Dismiss on May 8, 2024 (ECF No. 54) and Defendant filed a Reply on May 16, 2024 (ECF No. 55).  Accordingly, Defendant's Motion to Dismiss is ripe for consideration.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for dismissal of a complaint for failure to state a claim upon which relief can be granted.  A motion to dismiss under Rule 12(b)(6) tests "the sufficiency of the allegations contained in the complaint." *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993) (citation omitted).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that

---

[2] In the Court's January 29, 2024, Order granting Defendant's first motion to dismiss without prejudice, the Court provided Plaintiffs with thirty days to amend their complaint.  ECF Nos. 43, 44.  Plaintiffs did not file their amended complaint within the thirty-day deadline, and accordingly, the Court dismissed this case with prejudice on February 29, 2024.  ECF No. 48.  However, that same day, Plaintiffs filed a Motion to Extend the Time to File an Amended Complaint.  ECF No. 49.  On March 5, 2024, the Court granted Plaintiffs' Motion, vacated its previous order dismissing the case with prejudice, and permitted the Plaintiffs to file an amended complaint by April 4, 2024.  ECF No. 51.

is plausible on its face." *Zuber v. Boscov's*, 871 F.3d 255, 258 (3d Cir. 2017) (internal quotation marks and citation omitted).  A complaint is plausible on its face when the plaintiff pleads a factual contention that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Additionally, courts must "construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)).  However, the complaint must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

"A document filed *pro se* is to be liberally construed" and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citation and quotation marks omitted).  Nevertheless, *pro se* litigants "must abide by the same rules that apply to all other litigants." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993)).  The complaint need not establish a prima facie case to survive a motion to dismiss. *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 788 (3d Cir. 2016).  Instead, Plaintiffs need only "put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element," *Fowler*, 578 F.3d at 213 (citation omitted), and "must give the defendant fair notice of what the plaintiff's claim is and of the grounds upon which it rests," *Bayer v. Pocono Med. Ctr.*, No. CIV.A. 3:13-1900, 2014 WL 3670499, at *4 (M.D. Pa. July 23, 2014) (citing *Erickson*, 551 U.S. at 93).

4

### III.  DISCUSSION

#### A.  Defamation Claim

Defendant argues that Plaintiffs fail to plead sufficient facts to state a claim of defamation under 42 Pa.C.S.A. § 8343(a).  ECF No. 53 at 2.  As further explained below, this Court agrees.

To succeed on a defamation claim under 42 Pa.C.S.A. § 8343(a),[3] Plaintiff has the burden of proving: (1) the defamatory character of the communication; (2) its publication by the defendant; (3) its application to the plaintiff; (4) the understanding by the recipient of its defamatory meaning; (5) the understanding by the recipient of it as intended to be applied to the plaintiff; (6) special harm resulting to the plaintiff from its publication; and (7) abuse of a conditionally privileged occasion.  *Joseph v. Scranton Times L.P.*, 129 A.3d 404, 424 (Pa. 2015) (citing 42 Pa.C.S.A. § 8343(a)).  In its Motion, Defendant argues that Plaintiffs fail to plausibly plead statements that are defamatory in nature (element one), as well as facts that show publication (element two) and Defendant's abuse of its conditional privilege (element seven).  ECF No. 53 at 7–10.  The Court thus addresses each in turn below.

##### a.  Defamatory Character of the Communication

Defendant argues that Plaintiffs fail to allege language that is defamatory in nature.  *Id.* at 7.  The Court disagrees.

"A communication is defamatory if it tends to harm the reputation of another as to lower him in the estimation of the community or to deter third persons from associating or dealing with him."  *Pace v. Baker-White*, 432 F. Supp. 3d 495, 509 (E.D. Pa. 2020) (citing *Maier v. Maretti*,

---

[3] The Court will apply Pennsylvania law to this action because Defendant continuously cites Pennsylvania state law throughout its motion, ECF No. 53, and Plaintiffs do not object to the use of Pennsylvania law.  *See Pierce v. Cap. Cities Commc'ns, Inc.*, 576 F.2d 495, 501–02 (3d Cir. 1978) ("In the absence of any suggestion that . . . Pennsylvania law differs from that of another interested forum," this Court will not "diverge from the parties' position.").  Provided Plaintiffs' failure to object to Pennsylvania law, "there is no cause for this Court, sua sponte, to challenge the parties' consensual choice of law."  *Steaks Unlimited, Inc. v. Deaner*, 623 F.2d 264, 270 (3d Cir. 1980).

671 A.2d 701, 704 (Pa. Super. Ct. 1995)), *aff'd*, 850 F. App'x 827 (3d Cir. 2021); *see also* Restatement (Second) of Torts § 559.  To determine whether the communication is defamatory, the Court must focus on "the effect [the statement] is fairly calculated to produce, [and] the impression it would naturally engender in the minds of the average persons among whom it is intended to circulate."  *Pace*, 432 F. Supp. 3d at 509 (citing *Baker v. Lafayette Coll.*, 532 A.2d 399, 402 (Pa. 1987)).  Even where there is a plausible innocent interpretation, if there is an alternative defamatory interpretation, the issue must proceed to a jury to determine if the recipient understood the defamatory meaning.  *Pelagatti v. Cohen*, 536 A.2d 1337, 1345 (Pa. Super. Ct. 1987).

Here, Plaintiffs' Amended Complaint sufficiently alleges statements that are capable of defamatory meaning.[4]  Plaintiffs allege that Defendant's employees accused them of "defrauding the company" by attempting to seek reimbursement for fraudulent expenses.  ECF No. 52 ¶ 15.  In essence, Plaintiffs allege that Defendant's employees accused them of stealing from the company.  That is a statement that harms Plaintiffs' reputation; indeed, Plaintiffs allege that this accusation caused "rumors [to] go[] around the job about Plaintiffs."  *Id.* ¶ 44.  Moreover, other courts in this

---

[4] Although Defendant contends that the alleged defamatory language—i.e., Defendant's accusation that Plaintiffs defrauded the company by seeking reimbursement for fraudulent expenses, ECF No. 52 ¶ 15—cannot be defamatory in nature because Plaintiffs did not allege that they submitted documentation to substantiate the expenses at issue, that is not a valid reason to grant Defendant's motion to dismiss.  Plaintiffs do not need to plead that they submitted adequate documentation for their reimbursement in order to adequately allege language that is defamatory in nature.  The allegation that Defendant called Plaintiffs fraudsters is sufficient.

To the extent that Defendants are arguing that Plaintiffs' allegations themselves are false, *see* ECF No. 53 at 7 (arguing that Plaintiffs' allegations make clear that "they were both defamed is a fiction"), Defendant seems to be confusing what the Court decides on a motion to dismiss with what the factfinder decides to determine liability.  At the motion to dismiss stage, the Court must determine whether Plaintiffs have stated a claim to relief that is plausible, assuming Plaintiffs' allegations are true.  *See Zuber*, 871 F.3d at 258 ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.").  Whether or not Plaintiff submitted adequate documentation is a question for the factfinder at a later stage of this proceeding.  *See Fanelle v. LoJack Corp.*, 79 F. Supp. 2d 558, 563–64 (E.D. Pa. 2000) (explaining that the affirmative "defense of truth in a defamation claim" is not "appropriate" to resolve on a "motion to dismiss under Rule 12(b)(6) because it takes the Court beyond the pleadings" and this defense is  "properly considered at another stage of the case").

6

Circuit have denied motions to dismiss where plaintiffs have alleged similarly defamatory statements. *See, e.g.*, *Rockwell v. Allegheny Health, Educ. & Research Found.*, 19 F. Supp. 2d 401, 405–06 (E.D. Pa. 1998) (finding that accusations made by defendant "implying immoral and dishonest behavior" on the part of plaintiff were capable of defamatory meaning under Pennsylvania law); *LifeMD, Inc. v. Lamarco*, 607 F. Supp. 3d 576, 593 (W.D. Pa. 2022) (finding communications to be "capable of defamatory meaning [under Pennsylvania law] because they allege that Plaintiffs participated in fraud, lies and illegal business practices" and "impugn the integrity of Plaintiffs and are capable of injuring their . . . profession"). Accordingly, the Court finds that Plaintiffs have sufficiently alleged language that is defamatory in nature and will not grant Defendant's motion to dismiss on this basis.

### b. Publication and Abuse of Conditional Privilege

To meet the "publication" requirement, Plaintiffs must allege facts that establish that Defendant expressed the defamatory statement to a "third party"—that is, a party other than the plaintiff. *See Suppan v. Kratzer*, 660 A.2d 226, 229 (Pa. Commw. Ct. 1995). However, liability for publication of defamatory matter may be defeated by a "conditional privilege" to publish the defamation. *See Udodi v. Stern*, 438 F. Supp. 3d 293, 302 (E.D. Pa. 2020) (applying Pennsylvania law).

"A publication is conditionally privileged if the publisher reasonably believes that the recipient shares a common interest in the subject matter and is entitled to know." *See Daywalt v. Montgomery Hosp.*, 573 A.2d 1116, 1118 (Pa. Super. Ct. 1990); *see also* Restatement (Second) of Torts § 596. For example, if the purportedly defamatory communication is published internally within a company and between employees that are entitled to the information in the communication to execute their job, that communication is conditionally privileged. *See, e.g.*, *id.*

7

(finding a conditional privilege "applie[d] to private communications among employers regarding discharge and discipline" when supervisor communicated suspicions of appellant's altered timecard to a personnel director and the payroll department); *Rutherfoord v. Presbyterian–Univ. Hosp.*, 612 A.2d 500, 507 (Pa. Super. Ct. 1992) (finding "communications among management-level persons concerning [the plaintiff's] job performance" to be conditionally privileged where they "were necessary for the operation of the [d]epartment").

Where conditional privilege is apparent on the face of the complaint, to survive a motion to dismiss, plaintiffs must plead facts to show abuse of a conditional privilege. *See Udodi*, 438 F. Supp. 3d at 303. A defendant abuses a conditional privilege when his publication is "actuated by malice or negligence, is made for [a] purpose other than that for which the privilege is given[,] or to a person not reasonably believed to be necessary for the accomplishment of the purpose of the privilege." *Green v. Mizner*, 692 A.2d 169, 175 (Pa. Super. Ct. 1997) (citation omitted).

Here, Plaintiffs' allegations satisfy the publication requirement.[5] Plaintiffs allege that Defendant's employee, Mr. Jackson, accused them of defrauding the company in an email, and

---

[5] Citing *TransUnion LLC v. Ramirez*, 594 U.S. 413, 434 n.6 (2021), Defendant argues that "intra-company disclosures" are not "actionable publications" for purposes of defamation. *See* ECF No. 53. In *TransUnion*, the Court held that plaintiffs did not have standing to sue for defamation where "misleading alerts" about their credit was made available internally—for example, to employees within TransUnion who had access to the Plaintiffs' credit information in their credit files, as maintained internally within TransUnion, and to the vendors that printed and sent the mailings that the class members received—because to have standing, the defamatory information must be "actually read and not merely processed." 594 U.S. at 434 n.6 (explaining that to establish defamation, there must be evidence that defendant "actually brought an idea to the perception of another" (citation omitted)).

*TransUnion* is inapposite for two reasons. First, Defendant here does not contest that Plaintiffs have standing to sue on their defamation claims. And second, there is no question here that the defamatory information was "actually read and not merely processed" by Defendant's employees. For example, Plaintiffs allege that Defendant's employees received Plaintiffs' allegedly fraudulent reimbursement requests and then insinuated that Plaintiffs were defrauding the company. ECF No. 52 ¶¶ 11–15. Moreover, Plaintiffs allege that Defendant's employees communicated about Plaintiffs' alleged fraudulent reimbursement requests, and determined that only one Plaintiff should be reimbursed for the allegedly duplicate expense. *See id.* ¶ 16. That is meaningfully different from a TransUnion employee accessing credit information available in a credit file, or a printing vendor receiving, copying, and mailing purportedly defamatory information.

8

then forwarded that email to two other employees, Ms. Shook and Mr. Richardson. ECF No. 52 ¶¶ 11–12. They also allege that another employee, Ms. Sears, emailed Ms. Shook about Plaintiffs' alleged misconduct, noting that Defendant would not pay for Plaintiffs' travel time, and "accus[ed] Plaintiffs of false travel time and carpooling." *Id.* ¶ 16.

However, any publication of the allegedly defamatory communications was conditionally privileged, and nothing in Plaintiffs' Amended Complaint indicates that Defendant abused that privilege. Plaintiffs' allegations indicate that Defendant's employees forwarded the purportedly defamatory communications to other employees so they could address the alleged misconduct of Plaintiffs, and determine whether to grant them the reimbursement they sought. ECF No. 52 ¶¶ 11–12, 16. Moreover, Plaintiffs do not allege any facts to show that the publication was made maliciously or negligently, or that it was made for purposes other than to protect the company and ensure that Plaintiffs' reimbursement requests were legitimate. To the contrary, Plaintiffs' allegations indicate that all the purportedly defamatory communications were made to management-level employees who were responsible for determining whether Plaintiffs' requested reimbursement was permissible. *See, e.g.*, ECF No. 52 ¶ 14 (alleging that Defendant's employee, Mr. Jackson, "accused Plaintiff[s] of carpooling and having the same expenses" when he asked Plaintiffs to provide receipts to verify reimbursement submissions and forwarded that email to two managerial employees, Ms. Shook and Ms. Richardson), ¶ 16 (alleging that the Head Program Manager emailed Plaintiffs' Program Manager to tell her that only one of the two Plaintiffs should be paid for travel time and mileage, which "was accusing [sic] Plaintiffs of false travel time and carpooling").

### B. Dismissal with Prejudice

The Court may dismiss a complaint with prejudice when granting leave to amend would be "futile" or "inequitable." *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008). "The decision to dismiss a complaint [] with prejudice[] is within the district court's discretion." *See Beale v. Experian Info. Sols., Inc.*, No. CV 22-4810, 2023 WL 8936342, at *1 (E.D. Pa. Dec. 27, 2023) (citing *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984)). Here, the Court will exercise its discretion to dismiss the Amended Complaint with prejudice, as any additional amendment would be both futile and inequitable to Defendant.

Permitting leave to amend would be futile as this is not a case where, if additional facts or details were pled, Plaintiffs would be able to state a defamation claim. *See In re NAHC, Inc. Sec. Litig.*, 306 F.3d 1314, 1332 (3d Cir. 2002) (explaining that an amendment would be futile "when the complaint, as amended, would fail to state a claim upon which relief could be granted"). Plaintiffs' own allegations foreclose a defamation claim on the basis of conditional privilege. According to Plaintiffs' Amended Complaint, the only personnel who spoke about Plaintiffs' reimbursement request were managerial employees, and they only did so to address Plaintiffs' request and determine whether it was legitimate. ECF No. 52 ¶¶ 11–12, 14, 16. In other words, Plaintiffs' allegations indicate that these employees spoke about Plaintiffs' mileage and parking expenses within the scope of their employment—not to harm Plaintiffs, or out of malicious intent. *See id.* Therefore, given that "[t]here is no set of allegations that could provide [Plaintiffs] with a valid claim under [their own] theory[,] any [further] amendment would be futile." *Johnson v. RovMain, Inc.*, No. CV 22-5219, 2023 WL 2723110, at *2 (E.D. Pa. Mar. 31, 2023) (dismissing

the plaintiff's amended complaint with prejudice where there was no set of allegations that could provide the plaintiff with relief given the "main premise" of her own claims).

Moreover, permitting further amendment would be inequitable to Defendant because Plaintiffs have already had multiple opportunities to state claims against Defendant. Plaintiffs first asserted discrimination and retaliation claims in their original Complaint (ECF No. 9). They then pled an entirely different claim of defamation in their Amended Complaint (ECF No. 52). Yet despite the variety of claims that Plaintiffs have tried against Defendant, Plaintiffs have failed to withstand a motion to dismiss. To give Plaintiffs a third opportunity to amend their complaint—and potentially try their hand at a different claim against the same defendant—would be inequitable to Defendant. *See Rolo v. City Investing Co. Liquidating Tr.*, 155 F.3d 644, 654–55 (3d Cir. 1998) (upholding denial of leave to amend because "[p]laintiffs have already had ample opportunity to plead their allegations properly and completely"); *Hobson v. St. Luke's Hosp. & Health Network*, 735 F. Supp. 2d 206, 209 n.3 (E.D. Pa. 2010) (dismissing the plaintiff's amended complaint with prejudice where plaintiff had failed to state a claim in either his original or amended complaint, as "it would be inequitable to subject defendant to further expense of time and effort responding to a third iteration of plaintiff's Complaint"). Thus, Plaintiffs' Amended Complaint is dismissed with prejudice.

## IV.   CONCLUSION

For the foregoing reasons, the Court will grant Defendant's Motion to Dismiss (ECF No. 53). All claims in Plaintiffs' Amended Complaint (ECF No. 52) will be dismissed with prejudice. An appropriate Order will follow.

BY THE COURT:

/s/ Chad F. Kenney

**CHAD F. KENNEY, JUDGE**